IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISHMAEL A. WAHID, | ) | CASE NO. 1:17CV01900 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| STEVEN MERLAK, | ) | JONATHAN D. GREENBERG |
| Warden | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the undersigned pursuant to Local Rule 72.2.  Before the Court is the Petition of Ishmael A. Wahid ("Wahid" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.  (Doc. No. 1)  Wahid is being held in custody at the Federal Correctional Institution – Elkton in Lisbon, Ohio.  For the following reasons, the undersigned recommends the Petition be DENIED.

## I.  Background

On May 15, 2013 and April 8, 2013, Wahid was indicted in the Summit County Court of Common Pleas for state drug charges under two separate indictments.  *See State v. Wahid*,

Summit County[1] Case Nos. CR-2013-05-1314, CR-2013-04-0953. On June 11, 2013, Wahid

pled guilty to the charge of aggravated possession of drugs, in violation of Ohio Revised Code

("O.R.C.") §2925.11(A)(C)(1) and was sentenced to nine months in state prison. *State v. Wahid*,

Case No. CR-2013-05-1314 (Summit Co. docket entry dated June 18, 2013). That same date,

Wahid also pled guilty to the charge of possession of cocaine, in violation of O.R.C.

§2925.11(A)(C)(4) and was sentenced to nine months in prison. *State v. Wahid*, Case No. CR-

2013-04-0953 (Summit Co. docket entry dated June 18, 2013). The state trial court ordered

these sentences to be served consecutively, bringing his total sentence to eighteen months with

the Ohio Department of Corrections. *Id.*

On October 22, 2013, the state trail court placed Wahid on judicial release and into a re-

entry program. *State v. Wahid*, Case No. CR-2013-04-0953 (Summit Co. docket entry dated

November 5, 2013). Wahid ultimately violated the terms and conditions of the re-entry program

and on June 4, 2014, the state trial court ordered for Wahid to be transported to state prison.

*State v. Wahid*, Case No. CR-2013-04-0953 (Summit Co. docket entry dated June 6, 2014). (*See

also* Doc. No. 12-2 at 1.)

While in state custody, a federal Grand Jury charged Wahid with (1) one count of

knowingly and intentionally participating in a conspiracy with the intent to distribute heroine,

---

[1] The online records of the Summit County Common Pleas Court confirm this procedural background. The Court is permitted to take judicial notice of these public records pursuant to Fed.R.Evid. 201. *See United States ex rel. Dingle v. BioPort Corp.*, 270 F.Supp.2d 968, 972 (W.D.Mich.2003) ("Public records and government documents are generally considered 'not to be subject to reasonable dispute.' . . . This includes public records and government documents available from reliable sources on the Internet.") (internal quotation marks and citations omitted); *Rodriguez-Gonzalez v. Federal Bureau of Prisons*, 2015 WL 2238592, *1, n. 1 (N.D. Ohio May 12, 2015).

cocaine base, and cocaine, in violation of 21 U.S.C. §846 (Count 1) and (2) two counts of knowingly and intentionally using a communication facility to facilitate acts constituting a felony, in violation of 21 U.S.C. § 843(b)(Counts 97 and 99). *See United States v. Makupson et al*, Case No. 1:14-CR-00214 (N.D. Ohio) (Doc. No. 1.) On June 26, 2014, a Writ of Habeas Corpus *ad Prosequendum* was issued to ensure Wahid's appearance at his arraignment and "other court proceedings relating to such indictment as this Court may deem proper." (*Id.* at Doc. Nos. 38, 39.) On July 3, 2014, Wahid was transported to this Court pursuant to the Writ of Habeas Corpus *ad Prosequendum* to face his federal charges. (*Id.* at non-document entry dated July 3, 2014.) Wahid initially pled not guilty to all charges. (*Id.* at non-document entry dated July 8, 2014.) On December 1, 2014, Wahid plead guilty Count 1 of the indictment pursuant to a written plea agreement. (*Id.* at Doc. No. 433.) The United States agreed to dismiss Counts 97 and 99 of the indictment. (*Id.* at Doc. No. 434.)

On March 16, 2015, a sentencing hearing was conducted before District Judge James S. Gwin. (*Id.* at Doc. No. 662.) Judge Gwin sentenced Wahid to a 120-month term[2] of imprisonment, "with credit for time served in federal custody." (*Id.* at Doc. No. 663.) The judgment entry was silent with respect to whether the federal sentence was to run concurrently or consecutively with any state sentence.

On March 17, 2015, following his sentencing, Wahid was transported to state prison. (*Id.*

---

[2] The Sixth Circuit Court of Appeals affirmed this sentence upon direct appeal. *See Makupson et al*, Case No. 1:14-CR-00214 (N.D. Ohio)(Doc. No. 933.) On February 14, 2018, Wahid filed a petition for relief under 28 U.S.C. §2255. (*Id.* at Doc. No. 985.) On June 6, 2018, the Court (through Judge Gwin) dismissed Wahid's petition. (*Id.* at Doc. No. 1006.)

3

at Doc. No. 670).  (*See also* Doc. No. 12-2 at 1.)  On June 5, 2015, having completed[3] his state

sentences, Wahid was released into federal custody.  (Doc. No. 12-1 at 3.)  The Bureau of

Prisons ("BOP") prepared a sentence computation, finding Wahid's federal sentence commenced

on June 5, 2015 (i.e. the date he was released from state custody) with no prior credit time.  (*Id.*)

Subsequently, Wahid filed administrative remedy requests and appeals to the BOP,

requesting the BOP designate the state institution *nunc pro tunc* as the institution for service of

his federal sentence in an attempt to receive credit against his federal sentence for the period of

July 3, 2014 through March 17, 2015 (i.e. the time in which he was on a Writ of Habeas Corpus

*ad Prosequendum* from the state authorities).  (Doc. Nos. 12-3, 1-2.)  His request and appeals for

administrative remedy were denied.  (*Id*.)

On September 7, 2017,[4] Wahid, proceeding *pro se*,  filed the instant habeas petition

pursuant to 28 U.S.C. §2241.  (Doc. No. 1.)  He asserts the following ground for relief:

> The BOP abused its discretion by refusing to effectuate a *Barden* Retroactive
> Designation.

> Supporting facts: The BOP program statement requires the BOP to properly consider an

---

[3]   The Ohio Department of Rehabilitation and Correction records reflect that Wahid's
state sentence was computed as commencing June 20, 2013.  (Doc. No. 12-2 at 1.)
He was on judicial release from October 22, 2013 through June 10, 2014 and his
prison term was completed on June 6, 2015.  (*Id.*)  The time Wahid was temporarily
borrowed under the federal writ, i.e. from July 3, 2014 through March 17, 2015, was
credited against his state sentence.  (*See* Doc. No. 12-2; Doc. No. 12-3.)

[4]   Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner
delivers it to prison authorities.  *See Houston v. Lack*, 487 U.S. 266 (1988).  While
the Petition herein did not arrive at the Court for filing until September 11, 2017,
Wahid states he placed it in the prison mailing system on September 7, 2016.  (Doc.
No. 1 at 9.)  As this was over a year prior to the actual filing of the petition, the 2016
date was likely an inadvertent error.  Thus, the Court will consider the Petition as
filed on September 7, 2017.

inmate's request and sets forth the procedure the BOP must follow in determining whether to designate or not.  Wahid is entitled to a writ of habeas corpus to compel the berae[sic] to consider his case.

(Doc. No. 1 at 6-7.)  Respondent filed the Answer/Response in Opposition on April 19, 2018 and supplemental briefing on February 22, 2019.  (Doc. Nos. 5, 12.)  Wahid filed replies on May 4, 2018 and March 8, 2019.  (Doc. Nos. 7, 13.)

## II. Standard of Review: Federal Habeas Corpus 28 U.S.C. § 2241

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  "The statute [§ 2241] is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.' "  *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (citations omitted).  A petition under § 2241 may only be used by a federal prisoner to challenge the manner in which his sentence is being carried out (e.g., the computation of sentence credits or parole eligibility).  *See United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).  As Petitioner is proceeding *pro se*, "his pleadings are held to a less stringent standard than those prepared by an attorney."  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).  Because Wahid seeks to have the BOP to recompute his federal sentence, arguing the BOP did not properly consider his request for a *nunc pro tunc* designation of the state institution for service of his federal habeas sentence, review under §2241 is proper.  *See Jones v. Eichenlaub*, 2010 WL 2670920, *1-2 (E.D. Mich. July 1, 2010); *Rodriguez-Gonzalez v. Federal Bureau of Prisons*, 2015 WL 2238592, *2 (N.D. Ohio May 12, 2015).

### III.  Discussion and Analysis

**A.     18 U.S.C. § 3585**

Wahid contends he should have been awarded "prior time credit during the pendency of his federal proceedings."  (Doc. No. 7 at 2.)  He asserts the eight months he was under a writ of habeas corpus *ad prosequendum* should have been counted towards his federal sentence.  (*Id*. at 2-3.)  Wahid maintains "the sentencing court intended to at least give [him] 'partial concurrency' to his prior undischarged term of imprisonment."  (*Id*. at 2.)

Respondent argues Wahid's habeas claim has no merit because Wahid was "still in the primary custody of the State of Ohio serving the sentences imposed" by the state trial court when he was under a writ of habeas corpus *ad prosequendum*.  (Doc. No. 12 at 2.)  Respondent asserts because Wahid was still in state custody "he is not entitled to credit for the time he was released to the United States Marshal pending federal prosecution."  (*Id*.)  Respondent contends granting "Wahid credit for the time he was released to federal custody on the writ but under primary custody of the State of Ohio would be an 'improper double credit.'" (*Id*. at 3.)

The commencement of federal prisoner's sentence is governed by 18 U.S.C. §3585.  This provision provides:

> a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is *received in custody* awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was

6

arrested after the commission of the offense for which the sentence
was imposed;

*that has not been credited against another sentence*.

18 U.S.C. §3585(emphasis added).  The Attorney General, through the BOP, calculates any

sentence credits to which a federal prisoner may be entitled for pre-sentence time spent in

official detention.  *United States v. Wilson*, 503 U.S. 329, 334-37, 112 S.Ct. 1351, 117 L.Ed.2d

593 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993).  While a prisoner

may receive sentence credit for any time that he has been incarcerated prior to the

commencement of his sentence, he cannot receive "a double credit for his detention time."

*Wilson*, 503 U.S. at 337.

The Court finds the BOP did not err in finding Wahid's federal sentence did not

commence until June 5, 2015, when Wahid completed his state sentences and was released into

federal custody.  (Doc. No. 12-1 at 3.)  Prior to this date, Wahid was in the primary custody of

Ohio, serving a state imposed sentence.  (Doc. No. 12-2.)  *See Ruff v. Butler*, 2017 WL 5135545,

*3 (6th Cir. June 16, 2017)("When two or more sovereigns prosecute an individual, the first

sovereign to arrest that individual has primary custody. . .").  While Wahid's federal sentence

was imposed on March 17, 2015, this sentence could not commence until Ohio relinquished

jurisdiction of Wahid on June 5, 2015.  *See Rodriguez-Gonzalez*, 2015 WL 2238592, *3 ("When

a federal sentence is imposed upon a defendant who is in primary nonfederal custody, the non-

federal authority retains primary jurisdiction over the prisoner, and federal custody does not

commence until the non-federal authority relinquishes jurisdiction.").  Thus, Wahid was not

"received in custody" for purposes under 18 U.S.C. §3585(a) until June 5, 2015.  (*See* Doc. No.

12-1 at 3.)

While Wahid was "borrowed" from the state of Ohio, pursuant to a writ of habeas corpus *ad prosequendum*, this temporary transfer from state to federal custody did not operate to transfer primary custody from the state of Ohio to the federal authorities.  Indeed, when a prisoner is first arrested by the state, and then later taken to federal court under a writ of habeas corpus *ad prosequendum*, such prisoner is "on loan" to the federal authorities and the state retains primary jurisdiction.  *See Huffman v. Perez*, 2000 WL 1478368, *1 (6th Cir. Sept. 27, 2000); *Cunningham v. Wilson*, 2011 WL 2472550, *3 (E.D. Ky June 22, 2011); *Wallace v. Stine*, 2009 WL 2026385, *4 (E.D. Ky July 9, 2009).  Time spent in "state custody pursuant to this writ does not entitle [a prisoner] credit on his current federal sentence."  *Wallace*, 2009 WL 2026385 at *4 (citing *Huffman*, 2000 WL 1478368.).  *See also Jones*, 2010 WL 2670920 at *2 ("A federal sentence does not begin to run when a federal defendant is produced for prosecution by a federal writ.").

Moreover, the Court further finds Wahid's assertion he should be credited eight months towards his federal sentence for the time he spent under a writ of habeas corpus *ad prosequendum* to be without merit.  As noted *supra*, Wahid was under a federal writ from July 3, 2014 through March 17, 2015.  It is undisputed Wahid received credit on his state sentence during these eight months.  (*See* Doc. Nos. 12-2, 12-3.)  Thus, he cannot "receive credit for this time on his federal sentence" under 18 U.S.C. §3585(b).  *See Huffman*, 2000 WL 1478368 at *2. To provide Wahid with federal credit for this time served on his state sentence would be "improper double credit."  *Id.*  Indeed, "time which has been credited towards service of a state sentence may not be 'double counted' against a federal sentence."  *United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. Apr. 29, 2014).  *See also Broadwater v. Sanders*, 59 Fed. App'x 112, 114 (6th Cir. Feb. 20, 2003) ("Because Broadwater received credit toward his state sentence for

8

the time period in question, he may not receive credit for this time toward his current federal

sentence . . . If Broadwater were credited for this time against his current federal sentence, he

would receive improper double credit . . ."); *O'Bryan v. Terris*, 2018 WL 4191326, *1 (6th Cir.

Mar. 1, 2018).

Wahid further argues Judge Gwin intended to give him "partial concurrency" for his

federal and state convictions.  (Doc. No. 7 at 2.)  It appears Wahid is basing his argument upon

the March 17, 2015 Judgment Entry, which imposed a 120-month term of imprisonment, "with

credit for time served in federal custody."  *Makupson, et. al.,* Case No. 1:14CV00214 (N.D.

Ohio)(Doc. No. 663.)  However, as discussed *supra*, Wahid was not in "federal custody" during

the eight months he was under the federal writ.  Indeed, during that time, he was serving a state

sentence.  Because the judgment entry was silent with respect to whether the federal sentence

was to run concurrently or consecutively with any state sentence, it is presumed the sentences are

to run consecutively.  *See Rodriguez-Gonzalez*, 2015 WL 2238592 at *3 ("Court's silence in this

regard is construed as an intent to impose a consecutive sentence."); *United States v. Quintero,*

157 F.3d 1038, 1040 (6th Cir. 1998)("multiple terms of imprisonment imposed at different times

run consecutively unless the court orders that the terms are to run concurrently.").  Thus, the BOP

correctly found Wahid's federal and state "sentences run consecutively."  (Doc. No. 12-3 at 1.)

**B.      18 U.S.C. §3621**

The bulk of Wahid's arguments center on his assertion the BOP did not properly consider

his request for a retroactive designation of the state institution for service of his federal sentence.

(Doc. No. 7 at 1-2; Doc. No. 13 at 2.)  Wahid asserts the "BOP never made an inquiry to the

sentencing judge that imposed the sentence" and "fell short" on considering policy statements

issued by the Sentencing Commission.  (Doc. No. 7 at 1-2.)

9

Respondent argues the BOP properly considered Wahid's request for a retroactive concurrent designation.  (Doc. No. 12 at 4.)  Respondent asserts the BOP "was correct in determining [Wahid] was not entitled to a retroactive concurrent designation."  (*Id*. at 5.)  Respondent again emphasizes "it would be improper double credit to grant Wahid credit for time served for his secondary custody of the United States Marshal because it was credited against another sentence."  (*Id*.)

Under 18 U.S.C. § 3621(b), "the BOP may exercise its discretion to effectuate a state court order regarding concurrent sentencing by retroactively designating the state prison as a prisoner's place of federal confinement."  *Ruff*, 2017 WL 5135545 at *2.  The BOP evaluates the following five factors under § 3621(b) when considering a prisoner's request for retroactive designation:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b)

It is the BOP, not the sentencing court, who "has the statutory authority to cause a federal sentence to run concurrently with a state sentence by designating *nunc pro tunc* an inmate's state

10

prison as the place of federal confinement." *Miller v. Federal Bureau of Prisons*, 2014 WL 2722343, *3 (N.D. Ohio June 16, 2014)(citing *Barden v. Keohane*, 921 F.2d 476, 480 nn. 9-10 (3d Cir. 1990).). While the BOP is required to consider a prisoner's request for retroactive designation, it is under no obligation to grant such a request. *Ruff*, 2017 WL 5135545 at *2; *Rodriguez-Gonzalez*, 2015 WL 2238592 at *4. *See also* BOP Program Statement 5160.05, ¶9(b)(4)(a).

If the BOP denies a prisoner's request for retroactive designation, a prisoner may appeal this denial through the BOP's administrative procedures. *Rodriguez-Gonzalez*, 2015 WL 2238592 at *4. *See also* BOP Program Statement 5160.05, ¶9(b)(4). Once a prisoner has exhausted the administrative remedies available to him, he may then seek a writ of habeas corpus under §2241. *Rodriguez-Gonzalez*, 2015 WL 2238592 at *4; *Miller*, 2014 WL 2722343 at *4. A BOP's retroactive designation determination is reviewed for abuse of discretion. *Rodriguez-Gonzalez*, 2015 WL 2238592 at *4; *Wallace*, 2009 WL 2026385, at *5. It is "not whether a reviewing court would weigh the factors differently. The writ may issue only where an error is fundamental and carries a serious potential for a miscarriage of justice." *Ruff*, 2017 WL 5135545 at *2 (quoting *Eccleston v. United States*, 390 Fed. App'x 62, 65 (3d Cir. Aug. 9, 2010).).

Here, Wahid requested a *nunc pro tunc* designation and credit for the period of July 3, 2014 through March 17, 2015, i.e. the time in which he was under a writ of habeas corpus *ad prosequendum*. (Doc. No. 12-3 at 1.) In a decision dated May 25, 2016, the BOP denied this request. (*Id*.) Wahid filed an appeal, and on August 17, 2016, his request for a concurrent designation was again denied. (Doc. No. 1-2.) Within this decision, the BOP explained Wahid could not receive credit for the time he requested because it was "credited towards your state

11

sentences and cannot be credited towards your federal sentence." (Doc. No. 1-2 at 1.)  The BOP

also explained the time Wahid spent under a federal writ of habeas corpus *ad prosequendum*

could not be credited towards his federal sentence.  (*Id*. at 1-2.)  Finally, the BOP concluded:

> Your records have been reviewed for a possible retroactive concurrent
> designation pursuant to the decision in *Barden v. Keohane*, 921 F.2d 476 (3rd
> Cir. 1990).  When reviewing cases for possible concurrent designation to a
> state facility, we consider the available information, consistent with 18
> U.S.C. §3621(b).  In your case, we find commencement of your federal
> sentence by way of a concurrent designation is not consistent with Bureau of
> Prisons policy, the intent of the Court or federal statute.

(*Id*. at 2.)

The Court finds the BOP did not abuse its discretion in denying Wahid's request for a

*nunc pro tunc* retroactive designation.  The BOP evaluated Wahid's request and indicated it

considered the five factors, "consistent with 18 U.S.C. §3621(b)."  (Doc. No. 1-2 at 2.)  The BOP

accurately noted providing Wahid federal credit for time served on his state sentence would

constitute "improper double credit."  *See Huffman*, 2000 WL 1478368 at *2.  The BOP also

correctly explained time spent under writ of habeas corpus *ad prosequendum* did not entitle

Wahid to credit on his federal sentence.  *See Wallace*, 2009 WL 2026385 at *4 (citing *Huffman*,

2000 WL 1478368.).  Moreover, given Wahid's criminal history, the BOP acted within its

discretion when it concluded "commencement of your federal sentence by way of a concurrent

designation is not consistent with Bureau of Prisons policy, the intent of the Court or federal

statute."  (Doc. No. 1-2 at 2.)  *See also Makupson et al*, Case No. 1:14-CR-00214 (N.D.

Ohio)(Doc. No. 594 at 9-13.)

Wahid asserts the BOP did not properly consider the fourth factor under § 3621(b), i.e.

statements or lack thereof from the sentencing court.  (Doc. No. 12 at 2.)  He does not dispute the

March 17, 2015 Judgment Entry did not specify whether his federal sentence was to run

concurrently with or consecutively to the state sentence.  *See Makupson, et. al.,* Case No. 1:14CV00214 (N.D. Ohio)(Doc. No. 663.)  Rather, Wahid contends "the BOP never made an inquiry to the sentencing judge that imposed the sentence under the 4th factor."  (Doc. No. 1 at 1.)

The Court acknowledges the record provided by Respondent may lack details as to whether the BOP contacted Judge Gwin regarding Wahid's request for retroactive designation. However, the BOP was not required to do so, and therefore, there was no error under the fourth factor of § 3621(b).  Indeed, pursuant to BOP Program Statement 5160.05, upon receiving a prisoner's request for a retroactive designation, the BOP gathers certain information to reach its determination.  This informing-gathering process *may* include a letter[5] to the sentencing court for any objections or recommendations as to *nunc pro tunc* designation, particularly if the federal sentence was imposed first and the sentencing court provided no recommendation regarding any yet to be imposed state sentences.  BOP Program Statement 5160.05, ¶ 9(b)(4)(c).  However, under the circumstances presented here, where Wahid's state sentence was imposed prior to his

---

[5]  Specifically, BOP Program Statement 5160.05 provides:

> (c) In making the determination, if a designation for concurrent service *may* be appropriate (e.g., *the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term*), the RISA will send a letter to the sentencing court (either the chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections.  Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.

> BOP Program Statement 5160.05, ¶ 9(b)(4)(c)(emphasis added).

13

federal sentence, such an inquiry[6] is not required.

Moreover, BOP Program Statement 5160.05 further provides when "there is a previously imposed sentence (federal or non-federal) in existence at the time of federal sentencing, and the federal judge does not state whether multiple terms of imprisonment are to run consecutively to or concurrently with one another, the sentences run consecutively."  BOP Program Statement 5160.05, ¶7(b).  Therefore, because the March 17, 2015 Judgment Entry was silent as to whether Wahid's federal sentence would run concurrently or consecutively to his state sentence, and Wahid was already serving a state sentence when the federal sentence was imposed, the BOP correctly found Wahid's federal sentence would be consecutive to his state sentence.

Wahid also argues the BOP "fell short" on the fifth factor, i.e. pertinent policy statements issued by the Sentencing Commission.  (Doc. No. 7 at 2.)  Specifically, Wahid contends the BOP failed to properly consider policy statement §5G1.3(d).  (*Id.*)  This policy statement provides, in relevant part:

> In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. §5G1.3(d).  The language contained in this policy statement is "purely discretionary," meaning there was no requirement for Wahid's state and federal sentences to run concurrently.

---

[6]     Moreover, it is the BOP, not the sentencing court, who possesses the "sole authority to determine any duplicate credit for time served."  *United States v. Horton*, 2008 WL 2949421, *1 (N.D. Ohio July 28, 2008)(citing *Barden v. Keohane*, 921 F.2d 476, 480 nn. 9-10 (3d Cir. 1990).).  Indeed, "District Courts have no authority to determine how much credit a prisoner may be entitled to receive during the sentencing stage."  *Miller v. Federal Bureau of Prisons*, 2014 WL 2722343, *3 (N.D. Ohio June 16, 2014)(citing *United States v. Crozier*, 259 F.3d 503, 520-521 (6th Cir. 2001).)

14

*See Ruff*, 2017 WL 5135545 at *3.  Moreover, the Court can find no, nor does Wahid direct the Court's attention to, any authority which requires the BOP to explicitly list out each policy statement issued by the Sentencing Commission when reaching its decision to decline a request for retroactive designation.  *See Ruff*, 2017 WL 5135545 at *3 (holding the BOP properly considered a request for retroactive designation, despite not discussing U.S.S.G. §5G1.3(d)).

In sum, the BOP completed its statutory obligation of conducting an independent review of the five factors under 18 U.S.C. §3621(b) and concluded retroactive designation was not appropriate.  The Court can find no basis for a determination that the BOP abused its discretion in denying Wahid's request.  *See Rodriguez-Gonzalez*, 2015 WL 2238592 at *5; *Medrano-Arzate v. Rushing*, 2010 WL 2836767, *4 (N.D. Ohio July 19, 2010); *Cunningham*, 2011 WL 2472550 at *5.

Accordingly, and for all the reasons set forth above, the Court recommends Wahid's Petition[7] be denied.

---

[7]    The Court notes Wahid has requested, pursuant to Fed. R. Crim. P. 36, a correction of his sentence.  (Doc. No. 7 at 2.)  Wahid contends the sentencing court "intended to adjust Wahid's sentence in a manner to allow prior time credit during the pendency of his federal proceedings." (*Id*.)  He requests "an amended judgment" and "a downwardly departing adjusted sentence of eight months." (*Id*. at 3.)  A challenge to an actual sentence, rather than execution of that sentence, is not a claim properly asserted in a habeas petition brought under 28 U.S.C.§2241.  Wahid does not cite to any authority which suggests otherwise.

## IV. Conclusion

For all the reasons set forth above, it is recommended that the Petition be DENIED.


Date:   April 15, 2019                                  *s/ Jonathan Greenberg*
                                                       Jonathan D. Greenberg
                                                       United States Magistrate Judge


### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

16