UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

ISHMAEL A WAHID,

    Petitioner,

vs.

WARDEN STEVEN MERLAK,

    Respondent.

Case No. 1:17-cv-1900

OPINION & ORDER
[Resolving Docs. 14, 15]

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Ishmael Wahid petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, claiming that the Bureau of Prisons (the "BOP") erroneously calculated his sentence.[1]

    In June 2014, an Ohio court sentenced Wahid to eighteen months incarceration for community control violations.[2] About a week later, a federal grand jury indicted Wahid for drug offenses.[3] On June 26, 2014, the Court issued a writ of habeas corpus *ad prosequendum* to secure Wahid's appearance in the federal case,[4] which was executed on July 3, 2014.

    On March 16, 2015, Wahid pled guilty in the federal case and the Court sentenced Wahid to 120 months incarceration "with credit for time served in federal custody."[5] The Court did not specify whether this sentence would run concurrently or consecutively with Wahid's ongoing state sentence.

    Petitioner Wahid then returned to state prison.[6] The state authorities counted

---

[1] Doc. 1.
[2] Doc. 12-2.
[3] Indictment, *United States of America v. Markupson*, No. 1:14-cr-214 (N.D. Ohio June 18, 2014), ECF No. 1.
[4] Writ of Habeas Corpus, No. 14-cr-214 (N.D. Ohio June 26, 2014), ECF No. 39.
[5] Plea Hearing Minutes, No. 14-cr-214 (N.D. Ohio December 1, 2014), ECF No. 433.
[6] Doc. 12-2.

Wahid's time facing federal prosecution towards his state sentence. On June 5, 2015, Wahid completed his state sentence and began his federal sentence.

Wahid then asked the BOP to credit the time he served while facing federal prosecution towards his federal sentence. The BOP denied his request, prompting this petition.

Magistrate Judge Greenberg issued a report and recommendation ("R&R") recommending that the Court deny Wahid's petition.[7] Petitioner objects.[8] Because Wahid has objected, the Court reviews the R&R *de novo*.[9]

For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **DENIES** Wahid's petition.

## Discussion

Under several theories, Wahid argues that the BOP should have counted the time he served while facing federal prosecution towards his federal sentence.[10]

First, at sentencing the Court ordered that Wahid receive credit for any time spent in federal custody. Wahid seems to argue that he was in federal custody during the time he was subject to the federal writ of habeas corpus *ad prosequendum*. Not so. Wahid was in *state* custody, merely loaned to the federal system for prosecution.[11]

Second, Wahid seems to argue that 18 U.S.C. § 3585 required the BOP to credit his time spent facing federal prosecution. However, § 3585 only requires the BOP to credit time

---

[7] Doc. 14.
[8] Doc. 15.
[9] 28 U.S.C. § 636(b)(1).
[10] In truth, it is somewhat difficult to determine the precise contours of Wahid's arguments. However, because he is proceeding *pro se*, the Court construes his arguments liberally. *E.g., Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).
[11] *United States v. White*, 874 F.3d 490, 507 (6th Cir. 2017).

that has not already been credited towards another sentence.[12]  Because the state authorities already credited Wahid's time facing federal prosecution towards his state sentence, Wahid is not entitled to a double count.[13]

Finally, under 18 U.S.C. § 3621, the BOP may effectively run a prisoner's federal and state sentences concurrently by retroactively designating a state prison as a prisoner's place of federal confinement.[14]  Wahid asked the BOP to do just that.

While the BOP considers a variety of factors in making a retroactive designation, Wahid primarily disputes the BOP's handling of two: relevant statements by the sentencing court and relevant policy statements by the Sentencing Commission.  The Court will only reverse the BOP's decision for fundamental error.[15]

Wahid argues that, because the Court did not specify whether his sentences would run concurrently or consecutively, the BOP should have sought clarification.  Not so.  Under 18 U.S.C. § 3584(a), sentences are presumed to run consecutively unless the sentencing court states otherwise.  And, in any event, the failure to seek clarification falls far short of fundamental error.

Petitioner also argues that the BOP failed to adequately consider Sentencing Commission Policy Statement 5G1.3(d), which states that, in a "case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively."  However, this does not express a preference for concurrent sentences, it merely articulates their possibility.

---

[12] 18 U.S.C. 3585(c).
[13] *E.g., United States v. Lytle,* 565 F. App'x 386, 392 (6th Cir. 2014).
[14] *Barden v. Keohane,* 921 F.2d 476, 478 (3d Cir. 1990); *Miller v. Federal Bureau of Prisons,* No. 1:13-cv-2633, 2014 WL 2722343, at *3 (N.D. Ohio June 16, 2014).  See *Ruff v. Butler,* No. 16-5565, 2017 WL 5135545, at *2 (6th Cir. June 16, 2017).
[15] *Id.*

Case No. 1:17-cv-1900
Gwin, J.

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **DENIES** Wahid's petition.

IT IS SO ORDERED.


Dated: August 19, 2019                  *s/         James S. Gwin         *
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE